FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2014 DEC 24 PM 12: 25

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | | |
|---|---|---|
| DARRELL PATTERSON, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | 6:14-CV-2108-ORL-18KRS |
| WALGREEN CO., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DARRELL PATTERSON ("Patterson"), by and through his undersigned counsel, and hereby submits his complaint against Defendant WALGREEN CO. (Walgreens") for discrimination on the basis of religion and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

### JURISDICTION AND VENUE

1. This is an action alleging religious discrimination and retaliation arising under § 701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)(j), as amended ("Title VII").

2. Patterson seeks declaratory and injunctive relief, back pay and benefits, compensatory and punitive damages, prejudgment interest, attorneys' fees and costs, and any other relief to which he is entitled by law.

3. This action presents a federal question, and is authorized and instituted pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

4. Patterson is a citizen of and resides in the State of Florida, within the Middle District of Florida.

5. Walgreens is a foreign corporation registered with the Secretary of State to and does in fact conduct business within the State of Florida.

6. The alleged unlawful employment practices occurred in the this judicial District, and therefore, venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

7. Patterson filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 19, 2011, has received a Dismissal and Notice of Right to Sue, dated September 30, 2014, and files this action within 90 days of his receipt of the Notice of Right to Sue.

## PARTIES

8. Patterson is a United States citizen and a resident of Maitland, Florida.

9. At all times relevant to this action, Patterson was an employee of Walgreens, as defined by Title VII. Patterson submits himself to the jurisdiction of this Court.

10. Walgreens is the largest drug-store chain in the United States in terms of sales and profit. It markets itself as "America's Premier Pharmacy." Patterson worked at Walgreens' Customer Care Center, located in Orlando, Florida.

11. Walgreens is an "employer" as defined under Title VII (42 U.S.C. § 2000e(b).

12. Walgreens is subject to the jurisdiction of this Court.

13. Walgreens may be served with process through Prentice-Hall Corporation System, Inc., 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

## FACTUAL ALLEGATIONS

14. Patterson commenced his employment with Walgreen's Customer Care Center in October 2005.

15. At the time of his hire, Patterson made known to Walgreens that he is a Seventh-day Adventist and that his religious conviction was that the Seventh day is the Lord's Sabbath and, in accordance with the Ten Commandments, Plaintiff would not be available to

work from sundown on Friday until sundown on Saturday, but that he would be available all other days and times.

16.  Walgreens hired Patterson, agreeing to accommodate Patterson's religious belief and allow him to observe his Sabbath. However, notwithstanding its agreement, Walgreens resisted the provision of an accommodation, reprimanded Patterson because of his observance of the Sabbath, and ultimately terminated him because of his religious beliefs.

17.  For example, after Patterson completed his initial training, all of his fellow trainees, except Patterson, received their permanent work schedules. At that time, Patterson reminded the trainer (Melanie Hall) that he had a pre-employment agreement not to work after sundown on Fridays through sunset on Saturdays due to his religious observance of the Sabbath. Ms. Hall told Patterson that he would need to get a letter from his "spiritual advisor," outlining the religious beliefs and accommodation request.

18.  Patterson immediately contacted his pastor and asked him to fax correspondence to Walgreens, setting forth the Seventh-day Adventist beliefs concerning the Sabbath. Patterson's pastor faxed the letter within 48 hours of Patterson's request.

19.  Subsequently, Patterson received his permanent work schedule, which, in accordance with Patterson's religious beliefs, did not require him to work past 5:00 p.m. on Fridays through sundown on Saturdays.[1]

20.  During the course of his employment, Patterson was able to observe the Sabbath and satisfactorily perform his job consistent with Walgreens' expectations. While scheduling issues arose infrequently during his six years of employment, Patterson and Walgreens were able to work through each and every issue that arose.

---

[1] In April 2006, Patterson was promoted to Executive Response Team. Several months later, he was promoted to a Trainer Instructor position.

21. However, things changed in August 2011.

22. In early August 2011, Patterson was given his annual performance review by training Manager, Curline Davidson. In the review, Ms. Davidson commented that Patterson needed to understand that his job was not always going to be a Monday – Friday, 9:00 a.m. to 5:00 p.m. position. The review further suggested that Patterson was being rigid with his work schedule. Patterson objected to the wording in the review, explaining that he was not being rigid, but instead observing his religious belief that the Company had agreed to accommodate since the start of his employment.

23. On Friday, August 19, 2011, Ms. Davidson advised Patterson that he would need to cover emergency training that involved weekend sessions on Saturday, August 20, 2011, and Sunday August 21, 2011. She also told Patterson that it would not be fair for Patterson to ask a co-worker, Lindsey Alsbaugh, to cover the Saturday training so that Patterson could observe the Sabbath. Essentially, Walgreens, through Ms. Davidson, instructed Patterson to work on the Sabbath, despite his religious convictions and need for accommodation.

24. Nevertheless, Patterson asked his colleague, Ms. Alsbaugh, whether she could cover the Saturday session. After an exchange of several messages, Ms. Alsbaugh indicated she was not able to because of child care issues.

25. Patterson, after attempting to reach Ms. Davidson via phone, left Ms. Davidson a voice message on her cell phone indicating that he had attempted to get Ms. Alsbaugh to cover the Saturday class, that Ms. Alsbaugh was not available, and the consequent need to obtain coverage for the Saturday class. Ms. Davidson did not return the call or respond to the message that day.

26. The following morning, Saturday, August 20, 2011 (at approximately 7:30 a.m.), Patterson called Ms. Davidson (who, at that point had still not returned Patterson's call the day before) and left her a voice message, informing her that he would not be in to cover the training class because he was observing the Sabbath. Four hours later, Ms. Davidson finally returned Patterson's call while he was in church. Because he was in church, he did not listen to the message until the following morning.

27. The next morning, Sunday, August 21, 2011, Patterson reported to work to cover the Sunday training class. However, Patterson was sent home because of his absence the day before and told that Ms. Alsbaugh would be covering the Sunday session.

28. The next day, Monday, August 22, 2011, Ms. Davidson called Patterson into her office to inquire about what had happened the previous Saturday. Patterson explained that he had attempted to get coverage for the class, but was not able to do so, and that he was not able to cover the class himself because of his religious observation of the Sabbath. Patterson reminded Ms. Davidson about their previous many conversations relating to his religious beliefs and need for accommodation.

29. That same day, Patterson trained the class that had been re-scheduled from the previous Saturday.

30. On Tuesday, August 23, 2011, the HR Manager, Carol White, called Patterson into her office and asked him to relate to her what had happened over the previous weekend. Patterson explained what had happened. After some additional discussion, Ms. White suspended him from his employment with the Company as a result of being "unreliable."

31. Two days later, on August 25, 2011, Walgreens fired Patterson as a result of "gross negligence."

32. In reality, Walgreens terminated Patterson because of his religious convictions, his requests for accommodation of the Sabbath, and in retaliation for having raised issues related to Walgreens' discrimination against him on the basis of his religion.

## COUNT ONE
### Title VII - Religious Discrimination

33. Patterson hereby incorporates as if set forth fully herein, paragraphs 1 through 32 of this Complaint.

34. Walgreens has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(j), as amended, by engaging in intentional discrimination against Patterson on account of his religion.

35. Specifically, Walgreens intentionally discriminated against Patterson by forcing him to choose between working on Friday evening and Saturday, as directed, and his sincerely held religious belief prohibiting him from working Friday evening and Saturday because it was his Sabbath.

36. The effect of Walgreens' discrimination against Patterson was to deprive him of equal employment opportunities, including, but not limited to, causing termination of his employment, and otherwise adversely affecting his status as an employee because of his religion and sincerely held religious beliefs in violation of Title VII.

37. Walgreens acted with malice and reckless indifference to Patterson's federally protected rights.

38. By discriminating against Patterson in violation of Title VII, Walgreens has caused Patterson pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT TWO
### Title VII - Failure to Accommodate

39. Patterson hereby incorporates as if set forth fully herein, paragraphs 1 through 32 of this Complaint.

40. Walgreens engaged in unlawful employment practices, in violation of Section 701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(j), as amended.

41. Specifically, Walgreens failed to reasonably accommodate Patterson's sincerely held religious belief that secular work is prohibited from sunset Friday until sunset Saturday.

42. Walgreens could have reasonably accommodated the Patterson's religious beliefs without any undue hardship.

43. The effect of Walgreens's failure to accommodate Patterson was to deprive him of equal employment opportunities, including, but not limited to, causing the termination of his employment, and otherwise adversely affecting his status as an employee because of his religion in violation of Title VII.

44. Walgreens acted with malice and reckless indifference to Patterson's federally protected rights.

45. By failing or refusing to accommodate Patterson's sincerely held religious belief prohibiting work on the Sabbath, Walgreens has caused Patterson pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT THREE
### Title VII – Retaliation

46. Patterson hereby incorporates as if set forth fully herein, paragraphs 1 through 32 of this Complaint.

47. Walgreens has willfully violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(j), as amended, by retaliating against Patterson for asserting his rights.

48. Specifically, following Patterson's requests for continued accommodation for his religious beliefs, Walgreens gave Patterson the ultimatum of either violating his sincerely held religious belief, resigning or being terminated.

49. In retaliating against Patterson for asserting his rights under Title VII, Walgreens has caused Patterson pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. Walgreens acted with malice and reckless indifference to Patterson's federally protected rights.

### DEMAND FOR TRIAL BY JURY & PRAYER FOR RELIEF

WHEREFORE, Patterson demands a trial by jury on his claims and judgment on all claims as follows:

(a) Adjudge Walgreens to have engaged in unlawful employment practices in violation of Title VII;

(b) Enjoin Walgreens from engaging in unlawful employment practices in violation of Title VII;

(c) Award Patterson his lost back pay and benefits pursuant to Title VII;

(d) Award Patterson compensatory damages for violation of his statutory rights under Title VII, including damages for emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(e) Award Patterson punitive damages for Walgreens' malice and willful indifference to Patterson's federally protected right to be free of discrimination in the workplace;

(f) Award Patterson his costs and his reasonable attorneys' fees;

(g) Award Patterson equitable relief in the form of reinstatement or, in the alternative, future lost pay; and

(h) Award Patterson such other and further relief as it deems just and proper.

Respectfully submitted this 24th day of December, 2014.

BURRUEZO & BURRUEZO, PLLC
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Telephone: 407.754.2904
Facsimile: 407.754.2905

/s/ Carlos J. Burruezo, Esq.
Carlos J. Burruezo, Esq.
Florida Bar No. 843458
carlos@burruezolaw.com

General Conference of Seventh-day Adventists
12501 Old Columbia Pike
Silver Spring MD 20904-6600
Telephone: 301.680.6321
Facsimile: 301.680.6329

/s/ Todd R. McFarland, Esq.
Todd R. McFarland, Esq.
mcfarlandt@gc.adventist.org
(*Pro Hac Vice* Motion to be Filed)

ATTORNEYS FOR PLAINTIFF,
DARRELL PATTERSON

4828-2030-7489, v. 2