## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**DARRELL PATTERSON,**

        **Plaintiff,**

**v.**                                             **Case No:   6:14-cv-2108-Orl-18KRS**

**WALGREEN CO.,**

        **Defendant.**

---

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (Doc. No. 28)** |
| **FILED:** | **February 1, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.    BACKGROUND.

      Plaintiff Darrell Patterson filed his complaint against Defendant Walgreen Co. on December 24, 2014.   Doc. No. 1.   He alleged in three counts that Defendant discriminated against him, failed to accommodate him and retaliated against him for exercise of his religious beliefs, which precluded him from working on Friday evenings and on Saturday.   *Id.*   He requested compensatory and punitive damages, equitable relief in the form of reinstatement or future lost pay, and injunctive relief.   *Id.* at 8-9.

The Court issued a Case Management and Scheduling Order ("CMSO") on March 24, 2015. Doc. No. 22.   In the CMSO, the Court required that motions to add parties and amend pleadings be filed by April 30, 2015.   *Id.* at 1.

On June 1, 2015, the United States Supreme Court issued a decision in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028 (2015) ("*Abercrombie*").   The Court addressed what a plaintiff must show to support a disparate treatment claim alleging failure to accommodate a religious belief.

Thereafter, the parties proceeded with discovery.   Counsel for Plaintiff contends that he first learned during depositions conducted in December 2015 that Defendant did not maintain a written religious accommodation policy.   Doc. No. 28, at 2.[1]   Accordingly, Plaintiff now asks for leave to amend the complaint to expand his claims in Counts One and Two of the complaint to include disparate treatment and pretext theories.   Doc. No. 28-2, at 1-8.   Plaintiff also wishes to broaden his original prayer for injunctive relief to include certain specific requirements.   *Id.* at 9.

Defendant opposes the relief requested.   It argues that the motion for leave to amend is untimely and that no good cause for the belated request to amend has been established.   Counsel for Defendant represents that counsel for Plaintiff in this case filed an *amicus* brief in *Abercrombie* and, thus, he was well aware of the arguments asserted in that case.   Doc. No. 32, at 8.   It submits that it would be prejudiced by the belated expansion of the claims and prayer for relief because it would be required to take additional discovery and reopen depositions previously taken to address the new issues.   *Id.* at 9-10.   Finally, it contends that the amended prayer for injunctive relief would be futile.   *Id.* at 10.

---

[1] Defendant subsequently produced its written religious accommodation policy.   Doc. No. 28, at 5 n.5.

## II.    ANALYSIS.

When a motion for leave to amend pleadings is filed after the deadline established by the Court, the movant must first show good cause for the belated request under Federal Rule of Civil Procedure 16(b)(4).  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Counsel for Plaintiff did not address this "good cause" requirement in his memorandum, and the facts as set forth by the parties do not establish good cause.

Disparate treatment claims have long existed in employment law.   Therefore, if counsel for Plaintiff believed that the evidence supported such a claim, he could have pleaded that claim in the original complaint.   Counsel for Plaintiff was also aware of the arguments being made to the Supreme Court in *Abercrombie*, and, accordingly, he could have asserted a claim of disparate treatment under the standard articulated in *Abercrombie* before the Supreme Court's decision issued. Finally, counsel for Plaintiff did not promptly move to amend the complaint in June 2015, after *Abercrombie* issued.   Counsel for Plaintiff also has not shown why the depositions he relies on to support his proposed amended complaint could not have been taken earlier, in the exercise of due diligence, so that the motion for leave to amend could have been filed much earlier in the litigation.

As for the request to amend the prayer for injunctive relief, the amendment is not necessary. The original complaint contains a prayer for injunctive relief to prevent Defendant from engaging in unlawful employment practices in violation of Title VII.   If Plaintiff prevails, the Court will determine the scope of any injunction that may issue, and arguments on the terms of such an injunction are more appropriately addressed to the Court at that time.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court find that Plaintiff has not established good cause to permit filing an amended complaint more than seven months after the date established in the CMSO for filing a motion to amend.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 10, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy